IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HERMAN DALE ASHWORTH,

    Petitioner,

v.

MARGARET BAGLEY, Warden,

    Respondent.

Case No. C-2-00-1322
JUDGE SARGUS
Magistrate Judge Kemp

## OPINION AND ORDER

Petitioner, Herman Dale Ashworth, a prisoner sentenced to death by the State of Ohio, presently has pending before this Court a habeas corpus action filed pursuant to 28 U.S.C. § 2254. Ashworth has expressed a desire to abandon this habeas corpus action and to waive all further appeals challenging the conviction and death sentence imposed upon him by the State of Ohio. This Court must make an independent determination as to whether he is mentally competent to make that decision. To render this decision, the Court must assess "whether [Petitioner] has capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation or on the other hand whether he is suffering from a mental disease, disorder, or defect which may substantially affect his capacity in the premises." *Rees v. Peyton*, 384 U.S. 312, 314 (1966). "The test is not conjunctive but rather is alternative. Either the condemned has the ability to make a rational choice with respect to proceeding or he does not have the capacity to waive his rights as a result of his mental disorder." *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998)(interpreting request of Wilford Lee Berry, Jr. to abandon all appeals).

This matter came before the Court on May 31, 2005 for a competency hearing. Further, the Court considers the related Motion to Withdraw as attorneys filed by Petitioner's counsel of record. The Court will address the latter of these two issues first.

A.  **Motion to Withdraw**

The Court has pending before it a Motion by Attorneys Carol A. Wright and Herman A. Carson to Withdraw. In the Motion, Ms. Wright and Mr. Carson represent that they can no longer zealously represent their client, Petitioner Ashworth, because Ashworth has expressed his intention to waive all federal review of his conviction and death sentence imposed on him by the State of Ohio. Because their client's position in this regard is contrary to their advice and judgment, Attorneys Wright and Carson seek leave to withdraw as counsel of record. They do, however, request that they be appointed as stand-by counsel to aid Petitioner Ashworth if necessary.

The Court questioned Petitioner Ashworth at the hearing regarding whether it was still his desire to discharge his attorneys and to proceed in these and any other legal matters without the benefit of an attorney. Petitioner Ashworth confirmed that this is still his intention.

Accordingly, the counsel's Motion to Withdraw is **GRANTED** and Attorneys Wright and Carson are hereby **APPOINTED** as **STAND-BY COUNSEL** to be available to assist the Petitioner if he so requests or in the event Petitioner Ashworth becomes unable to represent himself.

B.  **Competency**

Ashworth's competence to forego any further challenges to his conviction and sentence to death is a judicial determination to be made by this Court. To assist with that judicial determination, the Court appointed mental health experts to evaluate petitioner, to prepare reports, and possibly to testify at a hearing regarding their findings, impressions, and conclusions. First, Dr. John M. Fabian

evaluated Petitioner Ashworth on September 2, 2004 and filed his report on January 11, 2005. In his written report, Dr. Fabian concludes that Ashworth has antisocial personality traits, although he is "not convinced that [Ashworth] suffers fully from antisocial personality disorder . . ." (Fabian Report, at p. 14.) Dr. Fabian opines that Ashworth likely suffers from Dysthymic Disorder, a long-term mild depression, but he does not suffer from any major mental disease or defect. (Fabian Report, at p. 18.) Dr. Fabian concludes that Ashworth's mild depression is a normal response to his environment, but that it not debilitating and does not impede his rational or logical though processes and cognitive ability. (Fabian Report, at p. 18.) Ultimately, Dr. Fabian opines that Ashworth is competent:

> "[Ashworth] has the capacity to appreciate his legal position and to make a rational choice with respect to continuing or abandoning his litigation. I do not believe he suffers from a mental disease, disorder, or defect which may substantially affect his capacity in the premises. He understands the consequences specific to a habeas corpus action at this stage. He understands his attorney's legal arguments in a rational and relevant fashion. He understands that after successfully waiving further appeals, he would be relinquishing the right for the Federal Court to set aside his conviction, death sentence or require a new trial all together. He also understands that if the Federal Court grants his request to dismiss the habeas corpus action, it is unlikely that he will be able to file another habeas corpus action in the Federal District Court in the future. Mr. Ashworth has the capacity to appreciate the consequences of his legal decisions and is mentally/spiritually preparing for death.

(Fabian Report, at p. 18-19.)

On April 4, 2005, Dr. Diane R. Follingstad evaluated Ashworth and submitted her report on May 6, 2006. Dr. Follingstad finds that there is no indication that Ashworth has a major mental disorder involving psychosis or a thought disorder. . . [and] does not appear to exhibit any mental disorder which would significantly disrupt his thinking processes. (Follingstad Report, at p. 12.) She concludes that Ashworth "does not appear to have a psychological impairment of any nature

which could negatively impact his ability to understand basic information and concepts and engage in making decisions." Dr. Follingstad notes that Ashworth has the capacity to relate effectively to his attorneys. Ultimately, Dr. Follingstad concludes that Ashworth understands the consequences likely to result from dismissing the habeas corpus action at this stage. Specifically, Dr. Follingstad finds that Ashworth recognizes that dismissing his habeas case will result in the Court not ruling on any of his appeals issues; that he will be forfeiting his right to have the Court determine whether any of this claims have merit; that he is forfeiting the possibility that his conviction or death sentence could be set aside or a new trial ordered; and he is aware that his decision to dismiss the habeas corpus case at this state will likely result in a complete inability to file another habeas action in the future. (Follingstad Report, at p. 13.) In her forensic conclusion, Dr. Follingstad reports:

> Based on the totality of the information reviewed and the current examination of Mr. Herman Dale Ashworth, it is my opinion with reasonable psychological certainty that he has the capacity to make decisions regarding canceling his habeas corpus action and waiving further appeals based on all of the reasons stated for the legal standards listed above.

(Follingstad Report, at p. 17.)

Petitioner, Herman Dale Ashworth, appeared before the Court at the competency hearing on May 31, 2005.[1] During that hearing, the Court questioned Petitioner Ashworth under oath to assess whether it was still his intention to dismiss this habeas corpus proceeding and to forego all further appeals. The Court engaged Petitioner Ashworth in an extended colloquy explaining in detail the consequences of dismissing this case. The Court emphasized that, if Petitioner Ashworth were permitted to dismiss his case, the Court would be required to vacate the stay of execution which

---

[1] Petitioner Ashworth agreed on the record, as did his former attorneys, that the Court would use the expert reports of Dr. Fabian and Dr. Follingstad as substantive evidence such that these experts would not be required to appear and give testimony regarding their evaluations and conclusions.

-4-

presently is in place only during the pendency of his habeas proceeding. Further, the Court explained that lifting the stay would permit the State of Ohio to seek a date from the Ohio Supreme Court on which to execute him. The Court advised Petitioner of his rights under the Constitution and laws of the United States to proceed with his habeas corpus action and persist in his efforts to set aside his conviction and death sentence. The Court discussed the consequences of abandoning a habeas corpus action, including that Petitioner Ashworth would forfeit his rights to have the Court determine whether any of the claims he has raised in his petition are meritorious and to possibly rule favorably on one or more of them, thereby resulting in having his conviction or death sentence set aside or a new trial ordered. The Court also explained that, by dismissing his petition, it would be highly unlikely that he would ever be able to file a successive petition. Petitioner Ashworth indicated that he understood, and that he voluntarily was giving up all of these rights.

The Court observed the appearance and responsiveness of Petitioner Ashworth in giving his answers to the questions asked during the colloquy. Based on such observations and the answers given by him, and based on the opinions of the mental health experts, Drs. Fabian and Follingstad, the Court is satisfied and hereby finds, consistent with the standard announced by the United States Supreme Court in *Rees v. Peyton*, 384 U.S. 312, 314 (1966), that:

Petitioner Ashworth is in full possession of his faculties. He is not suffering from any apparent physical or mental illness;

Petitioner Ashworth is not suffering from a mental disease, disorder, or defect which may substantially affect his capacity in the premises;

Petitioner Ashworth understands the proceedings in which he is engaged;

Petitioner Ashworth understands the nature and meaning of the consequences of his decision

to abandon his habeas corpus action;

Petitioner Ashworth has capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation; and

Petitioner Ashworth has knowingly and voluntarily waived his constitutional right to proceed.

**NOW THEREFORE**, Petitioner's motion to dismiss this habeas corpus proceeding and his petition for habeas corpus relief under 28 U.S.C. § 2254 is hereby **GRANTED**. This Court's previous Order of July 14, 2000 staying Petitioner's execution during the pendency of this habeas proceeding is accordingly **VACATED**. This case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

_5-31-2005_
**DATED**

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE